UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---------------------------------------------------------------x
DAVID PRICE,                                      :
an individual,                                    :   CASE NO.:
                                                  :
           Plaintiff,                             :
                                                  :
vs.                                               :
                                                  :
INLAND WESTERN BATON ROUGE, L.L.C.,               :
a Delaware Limited Liability Company,             :
                                                  :
                                                  :
           Defendant.                             :
---------------------------------------------------------------x

## COMPLAINT

Plaintiff, DAVID PRICE, by and through his undersigned counsel, hereby files this Complaint and sues INLAND WESTERN BATON ROUGE, L.L.C., a Delaware Limited Liability Company, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DAVID PRICE, (hereinafter referred to as "MR. PRICE" or "PLAINTIFF"), is a resident of Jefferson Parish, Louisiana.

4. MR. PRICE is a qualified individual with a disability under the ADA. MR. PRICE was injured in a motorcycle accident and is paralyzed from the waist down. MR. PRICE is a T11

complete paraplegic and uses a wheelchair for mobility.

5. Due to his disability, PLAINTIFF is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant INLAND WESTERN BATON ROUGE, L.L.C., a Delaware Limited Liability Company registered to do business in the State of Louisiana (hereinafter referred to as "DEFENDANT"), is the owner, lessee, lessor and/or operator of the real properties and improvements which is the subject of this action, to wit: "Bluebonnet Parc," generally located at 5909-5921 Bluebonnet Blvd., Baton Rouge, Louisiana 70836. The DEFENDANT is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Louisiana, East Baton Rouge Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. PLAINTIFF realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property, a shopping center, is a public accommodation, subject to the ADA, generally located at: 5909-5921 Bluebonnet Blvd., Baton Rouge, Louisiana 70836.

10. MR. PRICE has visited the Property numerous times and plans to visit the Property again in the near future.

11. During these visits, MR. PRICE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 14 of this Complaint.

12. MR. PRICE continues to desire to visit the DEFENDANT'S Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. PRICE intends to and will visit the DEFENDANT'S Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct the following barriers to access which were observed and/or encountered by and has hindered the Plaintiff's access:

    A. inaccessible parking spaces designated as accessible due to slopes in excess of 2%;

    B. inaccessible routes to entries due to excessive slopes and lack of level landing at entrance doors;

    C. inaccessible curb cuts due to excessively sloped side flares;

    D. inaccessible counters within tenant spaces due to excessive heights;

    E. inaccessible entrances due to presence of merchandise; and

    F. inaccessible merchandise aisles due to inadequate clear width.

15. Furthermore, DEFENDANT continues to discriminate against PLAINTIFF by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

17. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, easily accomplished, and would not place an undue burden on DEFENDANT.

18. Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

19. Independent of his intent to return as a patron to the Property, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That this Court Declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B.      That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That this Court enter an Order directing DEFENDANT to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D.      That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E.      That this Court award such other and further relief as it deems necessary, just and proper.

                Respectfully Submitted,

                KU & MUSSMAN, P.A.
                12550 Biscayne Blvd., Suite 406
                Miami, FL 33181
                Tel: (305) 891-1322
                Fax: (305) 891-4512
                Email: Ryan@kumussman.com

            By: /s/ M. Ryan Casey
                M. Ryan Casey, Esq.
                LA Bar ID No.: 31092
                Attorney for Plaintiff